IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN DANIEL RAMSELL AGUIRRE,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>ATTORNEY GENERAL OF STATE OF CALIFORNIA; DEPARTMENT OF CORRECTIONS PAROLE AND COMMUNITY SERVICE DIVISION,<br><br>　　　　Respondents. | No. C 09-1256 WHA (PR)<br><br>**ORDER GRANTING MOTION TO DISMISS; DISMISSING UNEXHAUSTED CLAIMS; GRANTING LEAVE TO AMEND PETITION; TO SHOW CAUSE ON EXHAUSTED CLAIM**<br><br>(Docket Nos. 12, 15, 17, 19) |

　　　　This is a habeas case filed pro se by a state prisoner. Respondent was ordered to show cause why the petition should not be granted based on the three claims raised therein. Respondent filed a motion to dismiss the petition as mixed on the grounds that claims two and three were not exhausted. In his opposition, petitioner concedes that the two claims are not exhausted. He states that he wishes to abandon claims two and three in light of their lack of exhaustion, and to proceed solely on the basis of his first claim. Good cause appearing, respondent's motion to dismiss (docket number 12) is **GRANTED**, petitioner's second and third claims are **DISMISSED** for failure to exhaust, and his motion for leave to amende his petition to delete claims two and three (docket numbers 15 and 17) are **GRANTED**.

　　　　Respondent shall file with the court and serve on petitioner, within ninety days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted on the

1 basis of petitioner's sole exhausted claim, namely that his conviction for gross vehicular
2 manslaughter violated due process because of a faulty instruction to the jury on speeding.
3 Respondent shall file with the answer and serve on petitioner a copy of all portions of the state
4 trial record that have been transcribed previously and that are relevant to a determination of the
5 issues presented by the petition.

6 If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the
7 court and serving it on respondent within thirty days of the date the answer is filed.

8 Petitioner is reminded that all communications with the court must be served on
9 respondent by mailing a true copy of the document to respondent's counsel. Petitioner must
10 keep the court informed of any change of address and must comply with the court's orders in a
11 timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute
12 pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772
13 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

14 Petitioner's motion for appointment of counsel (docket number 19) is **DENIED**. The
15 exhausted claim has been adequately presented in the petition, and petitioner has ably
16 responded to respondent's papers and litigated this case. No appointment of counsel is
17 necessary at this time.

18 **IT IS SO ORDERED.**

19 
20 Dated: April   13  , 2010.
   WILLIAM ALSUP
   UNITED STATES DISTRICT JUDGE

27 G:\PRO-SE\WHA\HC.09\AGUIRRE1256.OSC2.wpd

2